CV 13 - 3125

MATSUMOTO, J.

VIOLET E. SAMUELS, ESQ.
SAMUELS & ASSOCIATES, P.C.
Attorney for Plaintiff
135-13 Hook Creek Boulevard
Rosedale, New York 11422
(718) 712-6464

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIRNA WATTS,                                            index No.:

                                   Plaintiffs,

                     -against-                                    **VERIFIED COMPLAINT**

CENTRASTATE MEDICAL CENTER,
CENTRASTATE HEALTHCARE SYSTEM and
KENNETH R. POZNER, M.D.    J. ORENSTEIN, M.J.

                                   Defendants.
------------------------------------------------------------------X

        Plaintiff, by her attorney, SAMUELS & ASSOCIATES, P.C., as and for her

Complaint, respectfully alleges, upon information and belief, as follows:


        This is an action based in medical malpractice, medical negligence, common law

negligence, failure to diagnose, failure to inform, negligent hiring, and negligent

supervision brought by the plaintiff to recover damages against CENTRASTATE

MEDICAL CENTER CENTRASTATE HEALTHCARE SYSTEM and KENNETH R.

POZNER, MD.


1

## JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), F.R.C.P. §8(a), and C.P.L.R. §302(a).

## THE PARTIES

Plaintiff MIRNA WATTS resides at 9318 Avenue K, Brooklyn, New York 11236.

CENTRASTATE MEDICAL CENTER has a principal place of business at 901 West Main Street, Freehold, New Jersey 0778-2549

CENTRASTATE HEALTHCARE SYSTEM has a principal place of business at 901 West Main Street, Freehold, New Jersey 0778-2549

## AS AND FOR A FIRST CAUSE OF ACTION

1.      That at all times herein mentioned, the plaintiff, MIRNA WATTS was, and still is a resident of the 9318 Avenue K, Apt 1. Brooklyn, New York 11236

2.      At all times herein mentioned Defendant, CENTRASTATE MEDICAL CENTER was and still is a corporation duly authorized to conduct business in the **Monmouth County** State of New Jersey

3.      Defendant, CENTRASTATE MEDICAL CENTER was and still is a hospital duly organized and existing under, and by virtue of, the laws of the State of New Jersey.

4.      CENTRASTATE MEDICAL CENTER, maintained professional offices for the practice of medicine at 901 West Main Street, Freehold, New Jersey 0778-2549.

5.      At all times herein mentioned, defendant, CENTRASTATE MEDICAL CENTER, owned, operated, controlled, and managed a hospital pursuant to the laws of the State

2

of New York, for the care of the sick, located at at 901 West Main Street, Freehold, New Jersey 0778-2549.

6.      That at all times herein mentioned, CENTRASTATE MEDICAL CENTER, was, and still is, a voluntary general hospital organized as such by virtue of the laws of the State of New Jersey.

7.      At all times herein mentioned, defendant, CENTRASTATE MEDICAL CENTER, provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients.

8.      At all times herein mentioned, defendant CENTRASTATE MEDICAL CENTER held itself out to the public as a treatment facility where patients, including the plaintiff, MIRNA WATTS, could be treated for various ailments.

9.      At all times herein mentioned, defendant, CENTRASTATE HEALTHCARE SYSTEM is and was a medical organization duly organized and existing under, and by virtue of, the laws of the State of New Jersey

10.     At all times herein mentioned, defendant, CENTRASTATE HEALTHCARE SYSTEM maintained professional offices for the practice of medicine and treatment at 901 West Main Street, Freehold, New Jersey 0778-2549.

11.     At all times herein mentioned, defendant CENTRASTATE HEALTHCARE SYSTEM is and was a medical clinic duly organized and existing under, and by virtue of, the laws of the State of New Jersey

3

12.     At all times herein mentioned, defendant CENTRASTATE HEALTHCARE SYSTEM, maintained professional offices for the practice of medicine and treatment at 901 West Main Street, Freehold, New Jersey 0778-2549.

13.     At all times herein mentioned, the defendant, KENNETH R.  POZNER, M.D, is a physician duly licensed to practice medicine in the State of New Jersey.

14.     At all times herein mentioned, the defendant, KENNETH R.  POZNER, M.D., maintained professional offices for the practice of medicine at 501 Iron Bridge Road, Suite 9, Freehold, New Jersey 07728.

15.     At all times herein mentioned, the defendant, KENNETH R.  POZNER, M.D., held himself out to be a physician offering professional services to the public in general, and to the plaintiff, MIRNA WATTS, in particular.

16.     At all times herein mentioned, the defendant, KENNETH R.  POZNER, M.D., represented that he was competent to perform and render all the medical care, treatment, services and advice required by the plaintiff, MIRNA WATTS.

17.     That at all times herein mentioned, the defendant, CENTRASTATE HEALTHCARE SYSTEM owned, operated, staffed, managed and controlled a hospital facility known as CENTRASTATE MEDICAL CENTER, located at 901 West Main Street, Freehold, New Jersey 0778-2549.

18      That in conjunction with the operation of its hospital facilities, the defendant, CENTRASTATE MEDICAL CENTER, employed such persons as were necessary to fully staff its hospital facilities and to render care to the general public, including the plaintiff, MIRNA WATTS, in a manner consistent with good and accepted hospital, medical and nursing standards

4

and practices such as existed within the community wherein the defendant owned and maintained its hospital facilities.

19.     That at all times herein mentioned, the defendant, KENNETH R. POZNER, M.D., was an agent of the defendant, CENTRASTATE MEDICAL CENTER.

20.     That at all times herein mentioned, the defendant, KENNETH R. POZER, M.D., had admitting privileges at CENTRASTATE MEDICAL CENTER.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR MEDICAL MALPRACTICE AS AGAINST ALL DEFENDANTS

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "20" inclusive, with the same force and effect as if hereinafter set forth at length.

22.     That the medical care, diagnosis, treatment and services rendered to the plaintiff, MIRNA WATTS by the defendant, KENNETH R. POZER, M.D., was rendered in the course of his privileges by or in association with the defendant, CENTRASTATE MEDICAL CENTER

23.     That the defendant, CENTRASTATE MEDICAL CENTER, acting through its agents, servants and/or employees, rendered medical care to the plaintiff, MIRNA WATTS.

24.     From May 27, 2011 until on or about June 11, 2011, and thereafter, the plaintiff, MIRNA WATTS, sought the professional care of the defendant, KENNETH R. POZER, M.D., for certain medical complaints from which she was suffering, including complaints of abdominal pain and defendant KENNETH R. POZER, M.D., rendered medical care, diagnosis, treatment and services to her.     .

5

25.     That the medical care, diagnosis, treatment and services rendered to the plaintiff, MIRNA WATTS by the defendants CENTRASTATE MEDICAL CENTER, **CENTRASTATE HEALTHCARE SYSTEM** and KENNETH R. POZER, M.D post surgery and starting on May 30, 2011 to June 2, 2011 prior to her discharge were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community; the defendants were negligent and departed from accepted medical practices customarily used by physicians within the locality wherein the defendants maintained their medical practice; in failing to use accepted medical practices in the diagnosis, care, evaluation, management and treatment of the plaintiff, MIRNA WATTS; in that after the plaintiff, MIRNA WATTS, presented herself for treatment, the defendants rendered care in the performance of a surgical procedure but failed to monitor plaintiff after the surgery, failed to provide proper treatment and instructions after the surgery, and failed to provide a proper discharge plan; in negligently and carelessly departing from accepted medical practices during the course of planning for plaintiff's discharge; in negligently and carelessly mis-diagnosing the plaintiff after the surgery; in negligently and carelessly failing to perform a proper physical examination upon the plaintiff prior to discharge on June 2, 2011; in failing to diagnose the plaintiff's condition prior to discharge on June 2, 2011; in failing to take, recommend or prescribe diagnostic tests for the plaintiff in order to determine her true condition prior to discharge on June 2, 2011; in failing to use accepted, correct and recognized procedures in connection with the diagnosis for the plaintiff prior to discharge; in negligently and carelessly failing to diagnose the plaintiff's true condition by either diagnostic tests or during clinical examinations prior to discharge on June 2, 2011; in failing to possess and provide the usual

6

degree of skill, learning and accomplishment ordinarily possessed by physicians within the locality wherein the defendant, maintained their medical practice, to properly diagnose the plaintiff; in permitting and allowing the injuries and other medical conditions of which the plaintiff complained to be and remain untreated and undiagnosed for an unreasonable period of time under the circumstances, especially in view of the nature of the plaintiff's true condition; in failing to obtain proper medical consultations when same were required; in failing to use differential diagnoses; in causing an aggravation and exacerbation of the plaintiff's condition by permitting her to be and remain without proper medical treatment; in providing improper discharge instructions and plan; in failing to render proper medical treatment and diagnosis to the plaintiff; in failing to order proper and appropriate home care, treatment and procedures to the plaintiff; in providing improper discharge plant to the plaintiff, and/or her family; in failing to advise the plaintiff and/or her family of the alternatives to the contemplated plan of treatment while at home; in failing to recognize the nature and cause of the plaintiff's complaints; in failing to use differential diagnosis in evaluating the plaintiff's condition; and in ignoring or improperly interpreting the complaints, signs, symptoms or conditions of the plaintiff prior to discharge.

26. That on or June 2, 2011, the plaintiff, MIRNA WATTS had elevated white blood cell count and a low grade temperature; that these procedures were known to the defendant, KENNETH R. POZER, M.D, and that said documentation were not fully observed, although documented, known to be abnormal, and required follow-up.

27. That during a course of continuous treatment of the plaintiff, MIRNA WATTS, between May 27, 2011, up to and including June 11, and thereafter, the defendants were

negligent in failing to immediately diagnose and treat an infection plaintiff's abdominal wound following surgery, which showed up in an elevated temperature reading and abnormal laboratory results indicative of an infection revealed therein; in failing to immediately schedule further diagnostic tests following the abnormal laboratory results and elevated temperature readings; in failing to cancel the scheduled discharge, alternatively to order visiting nurses to monitor plaintiff at home; in failing to administer prophylactic antibiotic in the setting of the abnormal laboratory results and elevated temperature readings, in failing to adequately treat an eminent infection; in discharging the plaintiff prematurely.

28. By reason of the above, the plaintiff, MIRNA WATTS, sustained great pain, agony, injury, fear of death, re-hospitalization, an additional surgery, disability and as well as mental anguish, emotional distress, and the pain associated with a second surgery

29. The plaintiff, MIRNA WATTS, brings this action for the conscious pain and suffering, mental anguish, emotional distress, loss of enjoyment of life and irreplaceable loss she has suffered and will forever suffer, and for damages, both general and special, in an amount that exceeds the jurisdictional minimum set for the within Court of Law.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR MEDICAL NEGLIGENCE AS AGAINST ALL DEFENDANTS

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "29" inclusive, with the same force and effect as if hereinafter set forth at length.

31. From around May 27, 2011, and thereafter, the plaintiff was admitted CENTRASTATE MEDICAL CENTER for certain medical complaints from which she was suffering, including complaints of abdominal pain and CENTRASTATE MEDICAL CENTER through its servants, agents, employees, and attending physicians rendered diagnosis, surgical care, treatment and services to her

32. From around May 27, 2011, and thereafter, the plaintiff sought professional care at the facility of defendant, CENTRASTATE HEALTHCARE SYSTEM, for certain medical complaints from which she was suffering, including complaints of abdominal pain, and defendant, CENTRASTATE HEALTHCARE SYSTEM, through its servants, agents, employees, and attending physicians neglected rendered diagnosis, surgical care, treatment and services to her.

33. That while in the emergency room of defendants CENTRASTATE MEDICAL CENTER and CENTRASTATE HEALTHCARE SYSTEM on or about May 27, 2011, its servants, agents, and employees referred plaintiff to defendant, KENNETH R POSER, MD., for treatment of certain medical complaints from which she was suffering, including complaints abdominal pain, and the defendant, KENNETH R. POSER, MD rendered diagnosis, surgical care, treatment and services to her.

34. That defendants CENTRASTATE MEDICAL CENTER CENTRASTATE HEALTHCARE SYSTEM and KENNETH R. POSER, MD individually and severally had a duty to use reasonable care in the rendering of diagnosis, surgical care and services to the plaintiff.

35. That Plaintiff was admitted to CENTRASTATE MEDICAL CENTER of the CENTRASTATE HEALTHCARE SYSTEM from May 27, 2011.

36.     That plaintiff underwent an exploratory laparotomy, lysis of adhesion and small bowel resection on May 28, 2011.

37.     Following the surgical procedure, plaintiff was cared for by the servants, agents, and employees of CENTRASTATE MEDICAL CENTER, CENTRASTATE HEALTHCARE SYSTEM and KENNETH R. POSER, MD until June 2, 2011 when she was discharged.

38.     That on June 2, 2011, plaintiff was prematurely discharged into the community with an elevated low grade temperature, abnormal white blood cell count and without any visiting nurses to monitor plaintiff for untoward effects of the surgical care which was rendered.

39.     The above actions were a direct breach o the duty of reasonable care which was owed to the plaintiff, MIRNA WATTS, by the above defendants and the above defendants actions were careless, unskillful, negligent, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the medical community within the locality wherein the defendants maintained their respective hospital facilities and medical practices.

40.     Defendants acting individually and through their respective agents, servants, house staff and/or employees and in concert were negligent and departed from accepted medical practices customarily used by medical institutions, facilities, physicians and services within the locality wherein the defendants maintained their respective hospital facilities and medical practices; in failing to use accepted medical practices in the diagnosis, care, evaluation, management and treatment of the plaintiff; in failing to provide proper treatment; in failing to provide a proper diagnosis; that defendants negligently and carelessly departed from accepted medical practices during the course of treatment and diagnosis of the plaintiff; in negligently and carelessly failing to diagnose the plaintiff's condition prior to discharge in view of the plaintiff's

**10**

history; in failing to take, recommend or prescribe appropriate diagnostic tests for the plaintiff in order to determine the plaintiff's true condition prior to her discharge; in failing to use accepted, correct and recognized procedures in connection with the diagnosis of the plaintiff; in negligently and carelessly failing to diagnose the plaintiff's true condition by either diagnostic tests or clinical examinations prior to her premature discharge; in failing to possess and provide the usual degree of skill, learning and accomplishment ordinarily possessed by medical institutions, physicians and services within the locality wherein they maintained their respective hospital, treatment facilities and medical practices; in permitting and allowing the injuries and other medical conditions of which by the use of the senses were evident and allowed to remain untreated and undiagnosed for a an unreasonable period of time under the circumstances, especially in view of the nature of the plaintiff's true condition; in failing to obtain proper medical consultations when medical consultations were indicated and required; in failing to use differential diagnoses; in causing an infectious state, and exacerbation of the plaintiff's injuries including **a complete wound dehiscence;** by permitting her to be and remain without proper medical treatment for two days until she returned to the CENTRASTATE MEDICAL CENTER on June 4, 2011; and by failing to render proper discharge planning for the plaintiff; in failing to order proper and appropriate follow-up care for the plaintiff, in failing to recognize the nature and cause of the elevated temperature readings and abnormal white blood cells result; in failing to refer plaintiff for expert consultation with infectious disease, and in failing to use differential diagnoses in evaluating the plaintiff's condition prior to discharge; in failing to adequately treat Plaintiff's symptoms so as to prevent a progression of the symptoms and a proliferation of the

infectious process and in discharging   the plaintiff prematurely when plaintiff exhibited

symptoms which required attention.

41.     That as a direct and proximate cause of the defendants' departure from acceptable

medical standards plaintiff continued to suffer the symptoms and ultimately, plaintiff was

readmitted on June 4, 2011 underwent a second surgery because of an infectious state which

caused **a complete wound dehiscence**, reconstruction and dissection of the abdominal wound,

implantation of drains causing plaintiff to suffer great pain, significant blood loss; disfiguring

changes the abdominal wall, emotional distress and anguish, agony, a decreased quality of life,

loss of enjoyment and an disability and loss of income.

42.     By reason of the above, the plaintiff, MIRNA WATTS, has sustained damages,

both general and special, in an amount that exceeds the jurisdictional limits of all lower courts

which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR
### COMMON LAW   NEGLIGENCE AS AGAINST ALL DEFENDANTS

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

those paragraphs of the complaint marked and designated "1" through "42", inclusive, with the

same force and effect as if hereinafter set forth at length.

44.     That defendants CENTRASTATE MEDICAL CENTER and CENTRASTATE

HEALTHCARE SYSTEMS are in the business of providing medical care to the public including

the plaintiff and were obligated to render medical care to the plaintiff within the acceptable

standard of care in the medical community in the locality where defendants maintained their

respective treatments facilities and offices.

12

45.     That defendant KENNETH R. POZER ., held himself out to be a physician offering competent medical care and services to the public in general, and to the plaintiff, MIRNA WATTS, in particular, and  defendant KENNETH R. POZNER, MD was obligated to render competent medical care.

46.     That plaintiff sought the services of all defendants for complaints of abdominal pain

47.     That   CENTRASTATE   MEDICAL   CENTER   and   CENTRASTATE HEALTHCARE SYSTEMS, registered plaintiff in their hospital, triaged her to KENNETH R. POZNER, MD.

48.     That CENTRASTATE MEDICAL CENTER, CENTRASTATE HEALTH CARE SYSTEMS and KENNETH R. POZNER, MD., through their respective agents, servants, house staff and/or employees rendered care to the plaintiff and all defendants individually and in concert breached the duty they owed the plaintiff when defendants deviated from the acceptable standard of medical care and by failing to exercise reasonable care in planning for plaintiff's discharge.

49.     That it was reasonably foreseeable to the defendants that plaintiff may spike temperatures and have abnormal white blood cells reading after a surgical procedure and therefore should be checked for temperatures and have abnormal white blood cells reading after surgery and prior to discharge; that in the failure to assess for these deviations, breached their duty of reasonable care to the plaintiff.

50.     As a consequence of the breach by all the above named defendants, the plaintiff suffered pain, anguish, delayed diagnosis, and she was ultimately submitted for a second abdominal procedure, dissection, debridement and reconstruction of the abdominal wound.

51.     That as a direct and proximate cause of the defendants' negligence plaintiff incurred medical expenses, suffered mental anguish, suffered permanent physical injuries and disfigurement, and was required to undergo additional medical procedures and sustained other damages.

52.     That the plaintiff did not assume the risk of the injuries and damages she sustained.

53.     That all of the injuries and damages sustained by the plaintiff were the direct and proximate result of the negligent actions of the defendants CENTRASTATE MEDICAL CENTER, CENTRASTATE HEALTH CARE SYSTEMS, and KENNETH R. POZNER, MD without any act or omission on the part of the plaintiff directly thereunto contributing.


**AS AND FOR A FIFTH CAUSE OF ACTION NEGLIGENCE PER SE**


54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "53", inclusive, with the same force and effect as if hereinafter set forth at length.

55.     Defendants   CENTRASTATE   MEDICAL   CENTER,   CENTRASTATE HEALTHCARE SYSTEMS, and KENNETH R. POZNER, MD failed to use ordinary or reasonable care to avoid injury to the plaintiff.


14

56.     But for the defendants' negligence plaintiff would not have need a second abdominal procedure, exploratory laparotomy, lysis of adhesions and small bowel resection, and debridement of the abdominal wound

57     That as a direct and proximate cause of the defendants' negligence MIRNA WATTS suffered conscious pain and suffering, suffered loss of earning capacity, suffered loss of ability to perform household services, incurred medical expenses, suffered mental anguish, suffered permanent physical injuries and disfigurement, and was required to undergo additional surgical procedures and sustained other damages.

58.     That all of the injuries and damages sustained by the Plaintiff was the direct and proximate result of the negligent actions of the defendants without any act or omission on the part of the Plaintiff directly thereunto contributing.

## AS AND FOR A SIXTH CAUSE OF
## ACTION FOR FAILURE TO DIAGNOSE

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained In those paragraphs of the complaint marked and designated "1" through 58", inclusive, with the same force and effect as if hereinafter set forth at length.

60     Defendants THE CENTRASTATE MEDICAL CENTER, and CENTRASTATE HEALTHCARE SYSTEMS failed to interpret the elevated temperature readings and the laboratory results regarding the abnormal white blood cells count.

61.     Defendant KENNETH POZNER, M.D. failed to interpret the elevated temperature readings and the laboratory results regarding the abnormal white blood cells count.

15

62.     Defendants had ample opportunities to read and interpret the results of plaintiff's tests prior to discharge but failed to do so.

63.     Defendants failed to diagnose the infectious state.

64.     As a result of the failure to diagnose plaintiff was caused to suffer **a complete wound dehiscence**, reconstruction and dissection of the abdominal wound, implantation of drains and wound vac and causing plaintiff to suffer great pain, significant blood loss; disfiguring changes the abdominal wall, emotional distress and anguish, agony, a decreased quality of life, loss of enjoyment and an disability and loss of income.

## AS AND FOR A SEVENTH CAUSE
## OF ACTION FOR NEGLIGENT HIRING

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "64", inclusive, with the same force and effect as if hereinafter set forth at length.

66.     Upon information and belief, defendant THE CENTRASTATE MEDICAL CENTER, and CENTRASTATE HEALTHCARE SYSTEMS, prior to the granting or renewing of privileges or employment of defendant KENNETH R. POZNER, MD., defendant's residents, nurses and others involved in the Plaintiff's care. failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendant, residents, nurses and other employees, including but not limited to obtaining patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment privilege and/or practice

16

at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and failed to make sufficient inquiry of the physician, nurse and/or employee and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

67   Upon information and belief, defendant CENTRASTATE MEDICAL CENTER and CENTRASTATE HEALTHCARE SYSTEMS, prior to the granting or renewing of privileges or employment of defendant KENNETH R. POZNER, MD, defendant's residents, nurses and others involved in the Plaintiff's care, failed to investigate the competence, capacity, abilities and capabilities of defendant KENNETH R. POZNER, MD, including but not limited to obtaining patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and failed to make sufficient inquiry of the physician, nurse and/or employee and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

68.   Upon information and belief, defendant CENTRASTATE MEDICAL CENTER and CENTRASTATE HEALTHCARE SYSTEMS, prior to the granting or renewing of

17

privileges or employment of defendant KENNETH R. POZNER, MD., defendant's residents, nurses and others involved in the Plaintiff's care, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendant, residents, nurses and other employees, including but not limited to obtaining patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and failed to make sufficient inquiry of the physician, nurse and/or employee and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

69.     Upon information and belief, had the defendant CENTRASTATE MEDICAL CENTER, and CENTRASTATE HEALTHCARE SYSTEMS., made the above stated inquiry or in the alternative had the defendant hospital reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

70.     Upon information and belief, had the defendants CENTRASTATE MEDICAL CENTER and CENTRASTATE HEALTHCARE SYSTEMS made the above stated inquiry or in the alternative had the defendant facility reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

18

71.    Upon information and belief, had the defendants CENTRASTATE MEDICAL CENTER and CENTRASTATE HEALTHCARE SYSTEMS made the above stated inquiry or in the alternative had the defendant hospital reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

72.    That the defendants, CENTRASTATE MEDICAL CENTER and CENTRASTATE HEALTHCARE SYSTEMS, neglected and failed to timely and properly supervise and instruct its servants, agents, employees, and attending physicians neglected and failed to timely and properly supervise and instruct defendant KENNETH R. POZNER, MD, the hospital's nursing staff, intern staff, resident staff, and medical staff and radiological technicians and failed to promulgate and enforce appropriate rules, regulations, and guidelines for the proper and effective patient care of persons receiving care at the defendant hospital and in particular MIRNA WATTS

73.    That the defendants, CENTRASTATE MEDICAL CENTER and CENTRASTATE HEALTHCARE SYSTEMS and its servants, agents, employees, and attending physicians neglected and failed to timely and properly supervise and instruct defendant KENNETH R. POZNER, MD, the hospital's nursing staff, intern staff, resident staff, and medical staff and radiological technicians and failed to promulgate and enforce appropriate rules, regulations, and guidelines for the proper and effective patient care of persons receiving care at the defendant hospital and in particular MIRNA WATTS

74.    That the defendant, CENTRASTATE MEDICAL CENTER and CENTRASTATE HEALTHCARE SYSTEMS neglected and failed to timely and properly supervise and instruct its servants, agents, employees, and attending physician defendant

KENNETH R. POZNER, MD, the   hospital's nursing staff, intern staff, resident staff, and medical staff and failed to promulgate and enforce appropriate rules, regulations, and guidelines for the proper and effective patient care of persons receiving care at the defendant hospital and in particular MIRNA WATTS.

75.    That the defendant, KENNETH R. POZNER, MD neglected and failed to timely and properly supervise and instruct the hospital's nursing staff, intern staff, resident staff, and medical staff and radiological technicians and failed to promulgate and enforce appropriate rules, regulations, and guidelines for the proper and effective patient care of persons receiving care at the defendant hospital and in particular MIRNA WATTS.

76.    By reason of defendants, THE CENTRASTATE MEDICAL CENTER, CENTRASTATE HEALTHCARE SYSTEMS and KENNETH R. POZNER, MD failure to meet the aforementioned obligation, MIRNA WATTS was treated by physicians including KENNETH R. POZNER, MD nurses, and/or other employees who were lacking the requisite skills, abilities, and competence, and as a result of which Plaintiff sustained severe injuries and complications.

## AS AND FOR A EIGHT CAUSE OF ACTION FOR NEGLIGENT SUPERVISION

77.    Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "76", inclusive, with the same force and effect as if hereinafter set forth at length

78.     That, Defendant CENTRASTATE MEDICAL CENTER, failed to properly supervise those persons who were attending to MIRNA WATTS and were further negligent in the training, and retention of said person

79.     That, Defendant CENTRASTATE HEALTHCARE SYSTEMS failed to properly supervise those persons who were attending to MIRNA WATTS and were further negligent in the hiring, training, and retention of said person

80.     That, Defendant CENTRASTATE HEALTHCARE SYSTEMS failed to properly supervise those persons who were attending to MIRNA WATTS and were further negligent in the hiring, training, and retention of said person

81.     That all defendants owed a duty to properly supervise those persons who were attending to MIRNA WATTS

82.     By reason of the aforesaid failure to supervise those persons who were attending to the plaintiff, the Plaintiff was caused to suffer and sustain severe and permanent serious personal injuries, severe and serious pain and suffering and mental anguish; plaintiff herein was caused to expend and become obligated to expend sums of money for related expenses, and Plaintiff have thereby been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A NINTH CAUSE OF
## ACTION FOR EXTREME EMOTIONAL DISTRESS

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "82", inclusive, with the same force and effect as if hereinafter set forth at length.

21

84.     That the defendants, by their actions as set forth above, were negligent.

85.     That the defendants' negligence created an unreasonable experience, extreme emotional distress, and mental anguish for the plaintiff.

86.     That the defendants individually and in concert have directly and proximately caused, by way of their negligent infliction of emotional distress upon the Plaintiff, the injuries, damages and losses set forth herein; and, the Plaintiff is entitled to recover against the defendants for damages caused by their conduct as set forth in this Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION FOR
## FAILURE TO INFORM AS AGAINST ALL DEFENDANTS

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "86", inclusive, with the same force and effect as if hereinafter set forth at length.

88.     Defendants failed to educate and advise the plaintiff and/or her family the early signs and symptoms of general infection after surgery, prior to her discharge.

Defendants failed to educate and advise the plaintiff and/or her family need for vigilance regarding signs and symptoms of wound infections example education on monitoring temperature changes and when and what to report, prior to discharge

89.     Defendants failed to inform the plaintiff of the reasonably foreseeable risks, which would have been disclosed by reasonable medical practitioners in similar circumstances.

90      Defendants failed to inform the plaintiff after a number of visits and the failure to perform the appropriate and refer plaintiff for expert consultation that she was entitled to have a second opinion.

22

91.    The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

92.    By reason of the above, the plaintiff, MIRNA WATTS, has sustained great pain, agony, injury, suffering, disability, and re-hospitalization, additional surgery as well as mental anguish and emotional distress.

## **RELIEF**

**WHEREFORE**, the plaintiff, MIRNA WATTS, demands:

a.    Judgment against the defendants, in the First Cause of Action, in the sum of one million dollars ($1,000,000.00).

b.    Judgment awarding damages, in the Second Cause of Action, in the sum of one million dollars ($1,000,000.00).

c.    Judgment awarding damages, in the Third Cause of Action, in the sum of one million dollars ($1,000,000.00).

d.    Judgment awarding damages, in the Fourth Cause of Action, in the sum of one million dollars ($1,000,000.00).

e.    Judgment awarding damages, in the Fifth Cause of Action, in the sum of one million dollars ($1,000,000.00).

f.    judgment awarding damages, in the Sixth Cause of Action, in the sum of one million dollars ($1,000,000.00)

g.    Judgment awarding damages, in the Seventh Cause of Action, in the sum of one million dollars ($1,000,000.00).

23

h.     Judgment awarding damages, in the Eight Cause of Action, in the sum of one million dollars ($1,000,000.00).

i.     Judgment awarding damages, in the Ninth Cause of Action, in the sum of one million dollars ($1,000,000.00).

j.     Judgment awarding damages, in the Tenth Cause of Action, in the sum of one million dollars ($1,000,000.00)

k.     Punitive damages in the sum to be set by the Court

l.     Judgment awarding attorneys' fees;

m.     The cost and disbursements in this action, together with such other and further relief as to this Court seems just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury on all the issues in this action that are triable by law.



DATED:        Rosedale, New York
              May 29, 2013



                              SAMUELS & ASSOCIATES, P.C.


                              By: _____
                              VIOLET E. SAMUELS, ESQ.(2326)
                              Attorneys for Plaintiff
                              135-13 Hook Creek Boulevard
                              Rosedale, New York 11422
                              (718)712-6464


24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MIRNA WATTS,                                                      index No.:

                              Plaintiffs,

              -against-                          **CLIENT'S**
                                                 **VERIFICATION**

CENTRASTATE MEDICAL CENTER,
CENTRASTATE HEALTHCARE SYSTEM and
KENNETH R.  POZNER, M.D.

                              Defendants.
------------------------------------------------------------------------X

              MIRNA WATTS hereby deposes and states that:

       I am the plaintiff in the above referenced action, I have read the annexed

**COMPLAINT** and know the contents thereof, and the same are true to my knowledge,

except those matters therein which are stated to be alleged upon information and belief,

and as to those matters I believe them to be true.  My belief, as to those matters therein

not stated upon knowledge, is based upon facts, records, and other pertinent information

contained in my files.

Dated:        Rosedale, New York
              May 29, 2013

                                   BY: _____
                                            MIRNA WATTS.

Sworn to before me this 29th
day of May, 2013

_____
Notary Public

VIOLET E. SAMUELS
NOTARY PUBLIC, State of New York
No. 01SA4909742
Qualified in Queens County
Commission Expires July 27, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Index No.:
MIRNA WATTS,

                                    Plaintiffs,

        -against-                              **CERTIFICATE OF MERIT**

CENTRASTATE MEDICAL CENTER,
CENTRASTATE HEALTHCARE SYSTEM and
KENNETH R.  POZNER, M.D                              Defendants.
-----------------------------------------------------------------------X

        The undersigned, attorney for the Plaintiff, declares:

        I, VIOLET E. SAMUELS, have reviewed the facts of the case and have consulted with one physician who is

licensed to practice in this State or any other State and who I reasonably believe is knowledgeable in the relevant issues

involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable

basis for the commencement of this action.

Dated:          Rosedale, New York
                May 29, 2013

                                            VIOLET E. SAMUELS, ESQ.

                                            25