NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIRNA WATTS, | : |
| Plaintiff, | : Civil Action No. 13-5154 |
| v. | : **OPINION** |
| CENTRASTATE MEDICAL CENTER, et al., | : |
| Defendants. | : |

PISANO, District Judge

Presently before the Court are two summary judgment motions filed by CentraState Medical Center and CentraState Healthcare System (together, "CentraState") and Kenneth R. Pozner, M.D. ("Dr. Pozner") [ECF Nos. 19, 20]. Both of these motions seek summary judgment on the claims of medical malpractice brought by Plaintiff, Mirna Watts, due to the timing of the filing of her affidavit of merit. Plaintiff opposes both of these motions, and has also filed a motion for an extension of time to file an affidavit of merit [ECF No. 22]. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant CentraState's motion for summary judgment. The Court will also grant Plaintiff's motion for an extension of time to file an affidavit of merit, and deny Defendant Dr. Pozner's motion for summary judgment.

**I.       Background and Procedural History**

The Court finds that the following facts are supported by the evidence of record and are undisputed.[1]

---

[1] These facts are derived from Defendant CentraState's Statement of Material Facts, Defendant Dr. Pozner's Statement of Undisputed Material Facts, and Plaintiff's Statements of Material Facts, as well as the other filings of record in this case.

Plaintiff commenced this action sounding in medical malpractice against Defendants on May 30, 3013 in the District Court for the Eastern District of New York. An Amended Verified Complaint was filed on June 3, 2013. The case was subsequently transferred to this Court. On September 3, 2013, Defendant CentraState filed their Answer. Defendant Dr. Pozner filed his Answer with the Court on October 8, 2013.

Under the New Jersey Affidavit of Merit Statute, N.J.S.A. 2A:53A-26 to -29, a plaintiff alleging medical malpractice must supply an affidavit of merit from a "licensed person" with knowledge as required pursuant to N.J.S.A. 2A:53A-27, setting forth that there exists a reasonable probability that the care, skill or knowledge exhibited in the treatment, practice or work exhibited by a "licensed person" fell outside the acceptable professional standards of practice. Such affidavit "shall be provided within 60 days following the date of the filing of the answer to the complaint by the defendant," and the court "may grant no more than one additional period, not to exceed 60 days, to file the affidavit…upon a finding of good cause." N.J.S.A. 2A:53A-27.

On February 5, 2014, Plaintiff filed a motion for an extension of time to file an affidavit of merit. According to the certificate of service, this motion was mailed to the Court on February 3, 2014. On February 7, 2014, Plaintiff's affidavit of merit was filed. Plaintiff's certificate of service indicates that her counsel mailed the affidavit of merit to this Court on February 4, 2014. Plaintiff similarly served the opposing counsel via facsimile and regular mail on February 4, 2014. There is no dispute that opposing counsel for both Defendants CentraState and Dr. Pozner were served a copy of the affidavit of merit on February 4, 2014.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Rule 56 provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R.

Civ. P. 56(a). The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "To be material, a fact must have the potential to alter the outcome of the case" under governing law. *N.A.A.C.P v. North Hudson Regional Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

**III.    Discussion**

As discussed, the New Jersey Affidavit of Merit Statute establishes mandatory timelines in which a plaintiff must file an affidavit of merit. The purpose of this statute is "[t]o require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *In re Hall by and Through Hall*, 147 N.J. 379, 391 (1997). Under the statute, an affidavit should be filed within sixty days of the filing of the answer. "However, if provided within sixty-one to 120 days after the answer is filed, the affidavit will be deemed timely so long as (1) leave to file is sought and (2) good cause is established." *Paragon Contrs., Inc. v. Peachtree Condo. Ass'n*, 202 N.J. 415, 422 (2010) (citing *Burns v. Belafsky*, 166 N.J. 466, 475-77 (2001)). During this sixty-one to 120-day period of time, attorney inadvertence is considered good cause. *See id.* If, however, a party fails to provide an affidavit of merit after the expiration of 120 days, a complaint generally must be dismissed with prejudice, absent extraordinary circumstances, "because the absence of an affidavit of merit strikes

at the heart of the cause of action." *Id.* (citing *Alan J. Cornblatt, P.A. v. Barow*, 153 N.J. 218, 247 (1998)).

### A. Plaintiff Failed to Timely Provide an Affidavit of Merit to Defendant CentraState

Defendant CentraState filed their Answer on September 3, 2013. Plaintiff contends, however, that the 60-day time period under the statute does not start to run until the filing of the last filed answer, when the pleadings closed. Therefore, Plaintiff argues that, in cases involving multiple defendants, the Affidavit of Merit Statute requires that all answers be filed before the sixty-day period begins to run. The Court disagrees.

New Jersey courts have found that where a plaintiff sues multiple defendants, the time period under the Affidavit of Merit Statute begins to run on the date that each defendant filed an answer, not on the date that the last answer was filed. *See, e.g.*, *In re Petition of Hall*, 147 N.J. at 391 ("The time for filing the affidavit is calculated . . . from the date of each defendant's answer."); *Kubiak v. Robert Wood Johnson University Hosp.*, 332 N.J. Super. 230, 236 (App. Div. 2000) (finding that the statute "mandates" that the time period begins to run as to each defendant when that defendant answers); *see also Carletta v. Cowen*, Civil Action No. 03-5306, 2007 U.S. Dist. LEXIS 4989, at *5-7 (D.N.J. Jan. 22, 2007). While the Third Circuit has questioned this approach by New Jersey courts, it has expressly recognized the language of the New Jersey Supreme Court's holding in *In re Petition of Hall*. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 277 (3d Cir. 2002). In the absence of a more definitive statement or prediction of New Jersey law by the Third Circuit, this Court will follow the interpretation of the Affidavit of Merit Statute established by the New Jersey courts. Here, the Court is persuaded that this interpretation better serves the clear language of the statute, which insists on a maximum of 120 days to serve an affidavit of merit. Otherwise, a plaintiff can avoid the statutory requirement of serving an affidavit within 120 days of

4

the filing of an answer by a defendant who files earlier than another defendant. *See Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 150 (2003) (citing N.J.S.A. 2A:53A-29).

Accordingly, Plaintiff was obligated to serve an affidavit of merit to Defendant CentraState within sixty days of the filing of its answer, or, for good cause shown, within an additional sixty-day period. This means that, assuming Plaintiff had timely requested and shown good cause to file the affidavit within the additional sixty-day period, Plaintiff needed to file her affidavit of merit on or before January 1, 2014. Plaintiff failed to do so; consequently, her claim against CentraState faces the possibility of dismissal with prejudice. *See id.*

Plaintiff argues, in the alternative, that she was not required to provide an affidavit of merit because her case falls into the "common knowledge" exception. This exception provides that an affidavit "need not be provided in common knowledge cases when an expert will not be called to testify 'that the care, skill or knowledge . . . [of the defendant] fell outside acceptable professional or occupational standards or treatment practices.'" *Hubbard v. Reed*, 168 N.J. 387, 390 (2001) (quoting N.J.S.A. 2A:53A-27). Because the purpose of providing an affidavit of merit is to show that is "some objective threshold merit to the allegations," an expert will almost always be needed to show that the defendant breached a duty of care it owed to the plaintiff. Common knowledge cases, however, do not need an expert to demonstrate that the duty of care has been breached because "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts." *Id.* at 394 (quoting *Estate of Chin v. Saint Barnabas Med. Ctr.*, 160 N.J. 454, 469 (1999)). This exception, however, is narrowly construed in order to avoid non-compliance with the statute; for example, it applies in cases where a doctor has pulled the wrong tooth, *see id.*, or where a pharmacist has provided a person with the wrong drug, *see Bender v. Walgreen E. Co.*, 399 N.J. Super. 584, 590 (App. Div. 2008).

5

In her Amended Complaint, Plaintiff alleges that there were certain deviations in surgical technique and a premature discharge that departed from the accepted standards of medical care. Plaintiff's allegations include issues such as whether the Defendants' treatment of Plaintiff after surgery was a breach of their duty to care, to wit, whether their alleged failure to treat an infection in Plaintiff's abdominal wound or to "immediately" schedule certain tests or to "adequately treat an eminent infection" was professional malpractice. *See, e.g.*, Am. Compl. ¶ 27. Plaintiff argues that "no expert is necessary to demonstrate the consequence of discharging a post surgical patient out in the community in such condition" as that which Plaintiff was in. The Court disagrees. Unlike a dentist extracting the wrong tooth or where a pharmacist fills a prescription with the wrong drug, this is patently not a case where the error was self-evident and could be evaluated by a layperson using his common knowledge and experience. Issues such as whether certain surgical procedures fell into the accepted standard of care and whether a person was appropriately discharged from a hospital are not issues within the ken of the average juror. *See, e.g.*, *Aster ex rel. Garofalo v. Shoreline Behavioral Health*, 346 N.J. Super. 536, 542 n.4 (App. Div. 2002) (explaining that manner in which a "licensed person" has exercised his or her responsibilities and judgment "is not a matter within the knowledge of the average citizen or juror, [therefore] plaintiff would need an expert in order to make out a prima facie case before the jury"). Accordingly, the common knowledge exception does not apply in this case and a properly executed affidavit of merit is needed to allege negligence on the part of CentraState. Because Plaintiff failed to timely file such an affidavit, her claims against CentraState must be dismissed with prejudice, and CentraState's motion for summary judgment will be granted.

### B. Plaintiff Timely Provided an Affidavit of Merit to Defendant Dr. Pozner

Next, Defendant Dr. Pozner argues that Plaintiff also failed to timely serve an affidavit of merit

6

to him. Dr. Pozner filed his Answer on October 8, 2013. Therefore, pursuant to the Affidavit of Merit Statute, the original sixty-day period in which Plaintiff had to file an affidavit of merit as to December 7, 2013. Plaintiff did not file an affidavit of merit by this date. Thereafter, if Plaintiff provided an affidavit of merit "within sixty-one to 120 days after the answer is filed, the affidavit will be deemed timely so long as (1) leave to file is sought and (2) good cause is established." *Paragon Contrs.*, 202 N.J. at 222. Here, the 120-day time period expired on February 5, 2014. Plaintiff sought leave for an extension of time to file her affidavit of merit timely, as her request was filed on February 5, 2014. Plaintiff also established good cause for this request. During the sixty-one to 120 day time period, attorney inadvertence is considered good cause. *See id.* A review of Plaintiff's counsel's declaration in support of her motion reveals Plaintiff's failure to file an affidavit of merit was essentially due to such inadvertence. *See* Declaration of Violet E. Samuels ("Samuels Decl."), ECF No. 22-2.

  Therefore, the only issue is if Plaintiff properly provided an affidavit of merit within the 120-day period, or on or before February 5, 2014. Dr. Pozner argues that Plaintiff's affidavit of merit is untimely because, while she timely served an Affidavit of Merit from Dr. James E. Satterfield on February 4, 2014, the same was not filed on the docket until February 7, 2014. The Court disagrees. In *Snyder*, the Third Circuit addressed a case with nearly identical facts. The plaintiff in *Snyder* faxed an affidavit of merit to defendant's counsel on the last day of the 120-day period, but did not file the affidavit until a day after the 120-day period ended. *See Snyder*, 303 F.3d at 275. The Third Circuit found that the service date of the affidavit was the date of significance, holding that "[t]he affidavit faxed to counsel on January 3, 2001 was thus provided within 120 days of the Answer to the second amended complaint in accordance with the statute's requirements." *Id.* at 277. Similarly, here, it is undisputed that Plaintiff served a copy of the affidavit of merit to Dr. Pozner's counsel on February 4, 2014 – a day before the 120-day period

7

ended. Therefore, like the Third Circuit, the Court finds that Plaintiff's affidavit of merit was provided within the 120-day statutory period in accordance with the statute's requirements.[2] Because the Court concludes that the affidavit of merit was timely provided to Defendant Dr. Pozner, Plaintiff complied with the statute. Therefore, Plaintiff's motion for an extension of time to file her affidavit of merit will be granted, and Dr. Pozner's motion for summary judgment will be denied.

## IV. Conclusion

For the reasons stated above, Defendant CentraState's motion for summary judgment is granted. Plaintiff's pending motion for an extension of time to file her affidavit of merit is granted. Defendant Dr. Pozner's motion for summary judgment will be denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: May 21, 2014
.

---

[2] Even without this binding Third Circuit precedent, the Court would further be persuaded by the purpose of the statute, which "was not intended to encourage gamesmanship or a slavish adherence to form over substance." *Ferreira*, 178 N.J. at 154. To find that Plaintiff's complaint should be dismissed, with prejudice, in a situation where she timely served a proper affidavit of merit to defendant's counsel would be the epitome of adhering to form over substance.